IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| JAMEL ABUSAMHADNEH ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | 1:10cv111 (JCC) |
| JANET NAPOLITANO, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### M E M O R A N D U M   O P I N I O N

This case is before the Court on a Motion to Remand to the United States Citizen and Immigration Services ("USCIS") filed pursuant to 8 U.S.C. § 1447(b) by Defendants the Secretary of Homeland Security, *et al.* On February 4, 2010, Plaintiff Jamal Abusamhadneh ("Plaintiff") filed a "Petition for Writ of Mandamus" pursuant to 8 U.S.C. § 1447(b) requesting "adjudication of [his] naturalization application." (Dkt. 1.) Defendants move to remand in order for USCIS to adjudicate Plaintiff's naturalization application. (Dkt. 5.) Plaintiff Opposed on April 12, 2010 (Dkt. 10) and proceed to amend his original Petition on April 19, 2010 (Dkt. 12). Defendants filed a Reply on April 21, 2010 addressing both Plaintiff's Opposition

1

and his amended pleading.  (Dkt. 14.)  The Motion to Remand is now before the Court.[1]

## I. Background

Plaintiff is a lawful permanent resident of the United States residing in Fairfax County, Virginia, who applied for naturalization as a U.S. citizen in February of 2008. (Am. Compl. ¶ 1.)  In February 2009, he was scheduled for a naturalization interview with the USCIS, but because his background check had not yet been completed, USCIS rescheduled the interview. (*See* Am. Compl. ¶¶ 2, 11; Memorandum in Support of Motion to Remand ("Mem.") at 2-3).  On September 11, 2009, after the background check was completed, USCIS rescheduled his interview, which it conducted on October 5, 2009.  (Am. Compl. ¶¶ 12.; Mem. at 2.)  In early February 2010, counsel for USCIS contacted plaintiff's attorney and informed him that the agency was prepared to render a decision on Plaintiff's naturalization application but would need a few days, and no more than ten days after the statutory deadline which triggers a plaintiff's ability to file a lawsuit in district court, to issue the

---

[1] The Court notes that Plaintiff has filed what he styles as an "Amended Complaint: Petition for Hearing on Naturalization Application."  In this amended filing he has added additional "causes of action" and "prayers [for relief]" requesting a hearing "to determine all, and the extent, of the discriminatory actions of Defendants . . . in violation of his Fifth Amendment Due Process Rights and in violation of the Equal Protection Clause of the Fourteenth Amendment."  (Am. Comp. at 8.)  These issues are not presently before the Court as this Court has jurisdiction over Plaintiff's Writ of Mandamus under 8 U.S.C. § 1447 governing the adjudication of Plaintiff's naturalization application.  The Court will rule on Defendants' Motion to Remand that matter.

decision. (Mem. at 2; *See* 8 U.S.C. § 1447(b) (permitting a lawsuit to be filed only after 120 days has expired from the date of the examination). After hearing from USCIS counsel, Plaintiff filed this petition on February 4, 2010, 122 days after the date of his examination. (See Dkt. 1.) This Court currently has jurisdiction over this application pursuant to 8 U.S.C. § 1447(b). According to Defendants, the USCIS is now prepared to adjudicate plaintiff's application "virtually immediately upon having its jurisdiction over the application restored by the Court's remand and dismissal of this case." (Mem. at 3.) It is this Motion to Remand that is now before the Court.

## II.  <u>Standard of Review</u>

Title 8 U.S.C. § 1447(b) provides that a naturalization applicant may file a lawsuit seeking the adjudication of his application only after 120 days have elapsed following his examination. 8 U.S.C. § 1447(b).[2] (Compl. Ex. 4.) Once a lawsuit has been timely filed as it has here, jurisdiction resides in the district court alone and the USCIS can no longer adjudicate a naturalization application unless the district court, under the express authority of 8 U.S.C. § 1447(b) remands the application to the USCIS. *Etape v.*

---

[2] The 120 day time limit begins upon USCIS's naturalization interview of the applicant, here on October 5, 2009. *Ali v. Chertoff*, No. 1:07-cv-470, 2007 WL 2344987, at *3 (E.D.Va. Aug. 14, 2007)(unpublished), which here occurred on October 5, 2009.

3

*Chertoff,* 497 F.3d 379, 383 (4th Cir. 2007).  As the Fourth Circuit has explained, the fact that exclusive jurisdiction resides in this court "does not 'require' a district court 'to expend' judicial resources" and adjudicate the naturalization application itself, "for § 1447(b) allows a district court to remand a case immediately to [USCIS] if it so chooses."  *Etape*, 497 F.3d at 387 (internal citation omitted).  Thus, it is entirely within the discretion of the court to either deny the motion to remand and assert jurisdiction or grant the motion to remand and allow the naturalization petition to be adjudicated by the USCIS.

### III. Analysis

Under 8 U.S.C. § 1447(b), a district court has subject matter jurisdiction to do one of two things with a naturalization application: "either [1] determine the matter or [2] remand the matter, with appropriate instructions to [USCIS] to determine the matter."  8 U.S.C. § 1447(b).  The question before the Court is not whether it has authority to determine the merits of the naturalization application: the question is whether the court *should* do so.  See *Etape v. Chertoff,* 497 F.3d at 387 (noting that a district court may remand the case "if it so chooses"); *United States v. Hovsepian, 359 F.3d 1144, 1161 (9th Cir. 2004)* (noting that under § 1447(b) a district court

4

may "exercise[] its discretion to remand the matter to [USCIS]").

In determining whether remand of an immigration action for administrative disposition was appropriate (under a different immigration statute), the Supreme Court has warned that "[a court] should remand a case to an agency for decision of a matter that statutes place primarily in agency hands. This principle has obvious importance in the immigration context." *INS v. Ventura*, 537 U.S. 12, 16-17 (2002). One court in this district outlined several specific factors in deciding whether to exercise its discretion under § 1447(b). In *Manzoor v. Chertoff*, 472 F.Supp.2d 801 (E.D. Va. 2007), the court found that while the Judiciary was not "equipped to conduct background checks of naturalization applicants," (irrelevant here has the background check has already occurred), it also was not properly equipped "to interpret the results of the background checks." *Id.* at 808. "Just as the [background checks] are best left to the FBI, the review of the results of the mandatory background checks and any follow-up questioning of an applicant are best left to [USCIS]." *Id.* (citing *Ventura*, 537 U.S. at 16-17).

The *Manzoor* court also recognized that in enacting § 1447(b) "the overriding concern of Congress was obviously to accelerate the application process, not impede it." *Id.* at 809.

Here, Plaintiff's two main asserted reasons for keeping the case in district court are that the background check has been completed and that the USCIS "claims it [sic] ready to make an immediate decision." (Opp. at 8.) Plaintiff further evokes judicial efficiency to argue that by retaining jurisdiction Plaintiff could avoid the administrative appeals process if his application is denied. (Opp. 12-13.)

If efficient adjudication and resolution of his naturalization application is the goal, this Court has the option to "remand the matter, with appropriate instructions to [USCIS] to determine the matter" requiring the USCIS to quickly resolve the matter. 8 U.S.C. § 1447(b). Plaintiff himself cites to a number of cases where courts have remanded similar cases with time restrictions on the agency. (See Opp. at 7 (citing (*Aslam v. Gonzales*, No 06-614, 2006 U.S. Dist. LEXIS 91747 (W.D. Wash. 2006)(requiring that FBI complete its name check within 60 days or be required to show cause); *Alawieh v. U.S. Attorney General*, No.09-10413, 2009 U.S. Dist. LEXIS 15129 at *5 (E.D. Mich. Feb. 26, 2009)(imposing a 45 day deadline for USCIS to decide the naturalization application.) Given that the USCIS claims it has completed all investigation and is ready to move forward, it appears the most efficient disposition of the application would be to remand to USCIS and require that a determination be made immediately.

Finally, a court should be mindful of "not want[ing] to provide an incentive for naturalization applicants to file civil actions in an effort to expedite the naturalization process" as "lawsuits . . . divert [USCIS's] attention and resources away from the adjudication of naturalization applications." *Manzoor,* 472 F.Supp.2d at 808. Judicial intervention is reserved for those "rare circumstances in which [USCIS] unnecessarily delays the adjudication of an application following the completion of all background checks. . . ." *Id.* The purpose of the statute is not a means for a naturalization applicant to "jump to the front of the line." *Id.* In setting out these principles, the *Manzoor* court observed that "the vast majority of courts" have chosen to remand rather than determine the application's merits itself. *Id.* at 810 (multiple citations omitted). This Court agrees.

Here the USCIS not only has completed the background check, but also stands ready to render a decision immediately upon the reinstitution of its jurisdiction after remand. Only this lawsuit stands in the way of his naturalization application being speedily resolved. In an effort to efficiently resolve Plaintiff's naturalization application, this Court will remand his application to the jurisdiction of the USCIS and require that it complete the adjudication of Plaintiff's application on or before May 20, 2010.

## IV. Conclusion

For the reasons stated above, this Court will grant Defendants' Motion to Remand. An appropriate Order will issue.

|  |  |
|---|---|
| April 26, 2010 | /s/ |
| Alexandria, Virginia | James C. Cacheris |
|  | UNITED STATES DISTRICT COURT JUDGE |